UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                                    /

JOHN WILSON
CHARLES STILL
    *Plaintiffs,*

**v**.

EDWARD "EDDIE" PERRELL d/b/a
    PERRELL MUSIC

DYNATONE PUBLISHING COMPANY                        Civil Action No.___

WARNER CHAPPELL MUSIC, INC.
c/o  CT CORPORATION SYSTEM
111 Eighth Avenue
New York, New York, 10011

UNIVERSAL MUSIC GROUP, INC.
1755 Broadway
New York, NY 10019

BROADCAST MUSIC INC. (BMI)
7 World Trade Center
250 Greenwich Street
New York, New York 10007

and

ANHEUSER-BUSCH COMPANIES, INC.
    Serve:
CT Corporation System
111 Eighth Avenue
New York, New York, 10011
    *Defendants*.
_____/

## **VERIFIED COMPLAINT**

John Wilson and Charles Still, by and through the undersigned counsel, for their Complaint

against Defendants Warner Chappell Music, Inc., Dynatone Publishing Company, Universal

1

Music Group, Edward "Eddie" Perrell d/b/a Perrell Music, BMI and Anheuser-Busch Companies, Inc. allege as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1. Plaintiffs bring this civil action: (A) for a declaratory judgment against all Defendants that Plaintiffs are the owners of the renewal copyrights, or the copyrights, for the musical composition and master recording of *"Sho' Nuff"* under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*); (B) for an accounting for profits against Warner Chappell Music Publishing, Dynatone Music, Universal Music Group, Edward Perrell and BMI; and (C) for a declaratory judgment against all Defendants that Plaintiffs are the co-owners of the renewal copyrights, or the copyrights, for master recording *"Sho' Nuff"* under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*); (D) for an accounting for profits against Universal Music Group, and Edward Perrell; and (E) for misappropriation of voice against Anheuser-Busch Companies, Inc.

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

3. Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and the amount in controversy exceeds $75,000.00;

4. This Court has personal jurisdiction over Defendants in that Defendants reside and/or do business in this District. In addition, a substantial part of the acts complained of herein occurred in this District.

5. Venue is proper in the Southern District of New York because Defendants do business and/or can be found in this District.

6. All conditions precedent to the filing of this Complaint have occurred or have been performed.

7. Plaintiffs are members of the musical recording group professionally known as "Sly Slick & Wicked."

8. "Sly Slick & Wicked" were originally from Cleveland Ohio and by 1972 were ultimately comprised of three members John Wilson, Charles Still and Terrance Stubbs.

9. On or about January 15, 2013, the multi-platinum and Grammy, award winning musical star Justin Timberlake commercially released a new single called *"Suit & Tie"* that sampled the master recording of the "Sly, Slick & Wicked's" single recording from 1973, *"Sho' Nuff."*

10. The sample of *"Sho' Nuff"* includes the vocal performances of Plaintiffs which can be heard in the recording of *"Suit & Tie."*

11. *"Suit & Tie"* has gone on to achieve commercial and critical success selling over 3,000,000 units in the United States alone and achieving platinum status in multiple countries around the world, receiving over 92,000,000 YouTube views, and being licensed for synchronization in a Bud Light Commercial.

12. In or about June 2013, platinum selling recording artist J. Cole commercially released a new single called "Chaining Day" that sampled the master recording of the "Sly, Slick & Wicked's" single recording from 1973, *"Sho' Nuff."*

## THE PARTIES

13. Plaintiff John Wilson ("Plaintiff Wilson") is a citizen of the state of California. Plaintiff Wilson was professionally know as "Sly" and is a founding member of the musical recording group "Sly Slick and Wicked."

14. Plaintiff Charles Still ("Plaintiff Still") is a citizen of the state of California. Plaintiff Still was professionally know as "Slick" and is a founding member of the musical recording group "Sly Slick and Wicked."

15. Terrance Stubbs ("Stubbs") is a citizen of the state of Georgia. Stubbs was professionally known as "Wicked" and joined the musical recording group "Sly Slick and Wicked" 1972, replacing one Mark Saxton.

16. Defendant Edward Perrell ("Defendant Perrell") is a citizen and resident of the State of Nevada. Defendant was a one-time promoter of "Sly Slick & Wicked."

17. Defendant Perrell is doing business as Perrell Music, a music production company that is owned and controlled solely by Defendant Perrell.

18. Defendant Dynatone ("Defendant Dynatone") operates as the iconic James Brown's music publishing company and does business in New York.

19. Defendant Warner/ Chappell, Inc. ("Defendant Warner Chappell") is a Delaware corporation qualified to do business in the State of New York and has a principle place of business in the State of New York at 1775 Broadway 23, New York, New York 10019.

20. Based upon information and belief Defendant Warner Chappell is successor to Chappell & Co.

21. People Records ("People Records") operated as one of the iconic James Brown's record companies.

22. Defendant Universal Music Group, Inc. ("Defendant UMG") is a Delaware corporation authorized to do business in the State of New York and has a principle place of business in the State of New York at 825 8th Avenue, New York New York 10019.

23. Defendant UMG is the successor in interest to Polydor Incorporated.

24. Defendant Broadcast Music Inc. (Defendant "BMI") is a New York corporation, and is a songwriter and music publisher membership organization that collects performance royalties for songwriters and music publishers.

25. Defendant Anheuser-Busch Companies, Inc. (herein "Defendant Anheuser-Busch") is a Delaware limited liability company qualified to do business in New York and the manufacturer and distributor of "Bud Light."

## COMMON FACTUAL ALLEGATIONS

*Sly Slick & Wicked's Recording of "Sho' Nuff"*

26. Plaintiffs Wilson and Still are of the original three founding member of the "Sly Slick & Wicked."

27. "Sly Slick & Wicked" recordings were released by several entertainment companies, including with Paramount Records in 1971-73, People Records 1973, Shaker Records in 1974, Jupar/Motown in 1975-1977 and finally with Epic Records in 1978.

28. Plaintiff Terrance Stubbs joined the group in 1972, replacing one Mark Saxton.

29. Plaintiffs as "Sly Slick & Wicked" recorded the singles "*Confessing a Feeling*," "*Stay My Love*" and "*It's Not Easy*" for Paramount Records in 1971, 1972 and 1973, respectively.

30. Defendant Perrell was a promoter who wanted to help procure a new recording agreement for "Sly Slick and Wicked."

31. "Sly Slick and Wicked" did not have a written agreement with Perrell.

32. In or about April, 1973, "Sly Slick and Wicked" traveled to New York seeking a new recording agreement.

33. Defendant Perrell lived in New York at that time.

34. Plaintiff Wilson had written the musical composition for *"Sho' Nuff"* while traveling on the road performing as "Sly Slick and Wicked" inspired by the break up with his then wife.

35. Defendant Perrell particularly liked the song "Sho'Nuff" and suggested that Plaintiffs record the song while in New York.

36. Plaintiffs Wilson and Still agreed with that suggestion, and produced "Sly Slick and Wicked" performing *Sho Nuff"* in or about April 1973, at Studio 88 on 8th Avenue in New York.

37. A few days later, while still in New York, "Sly Slick and Wicked" and Defendant Perrell met with representatives of James Brown's People Records.

38. "Sly Slick and Wicked" also recorded other songs at Defendant Perrell's suggestion while in New York, including *"Ready for You."*

39. Plaintiffs' prior successes with Paramount in 1971 and 1972 caught the iconic James Brown's attention for his record company, People Records.

40. Defendant Perrell played *"Sho Nuff"* for representatives at People Records.

41. Defendant Perrell and the iconic James Brown did what is called "sweetening" to "Sly Slick and Wicked's" recording of "Sho' Nuff" by adding string and bells to the recording.

42. On or about June 28, 1973, People Records commercially released a single record of the *"Sho' Nuff"* master recording with a B side of the master recording "*Ready for You,*" that also featured Plaintiff's vocal performances.

43. Based upon information and belief, Defendants Perrell and People Records arranged for "Sly Slick and Wicked" to perform *"Sho' Nuff"* on the popular Soul Train TV show.

44. Defendant Perrell along with James Brown listed themselves as "producer" for *"Sho' Nuff"* on the label of the 45 rpm record credits.

6

45. However, Plaintiffs never executed a written agreement with People Records that included a "work for hire" provision.

*The Sho Nuff Composition*

46. On May 12, 1973, Plaintiffs registered Form E, registration No. # Eu406185, with the Copyright Office, listing Charles Edward Still, John F. Wilson and Terrance D. Stubbs as the authors of the musical composition *"Sho' Nuff."* Attached hereto as Exhibit A.

47. Plaintiff Wilson prepared the so called "lead sheet" for the copyright registration for *"Sho' Nuff"* that was filed at the Copyright Office.

48. The addresses for Plaintiffs were listed as "Ohio" on Form E, registration No. #Eu406185.

49. On or about June 28, 1973, People Records, James Brown's record company, commercially released the "Sho' Nuff" master recording featuring Plaintiffs' vocal performances.

50. Almost a year later to the day, on June 26, 1974, Chappell & Co. Inc. registered the musical composition *"Sho' Nuff"* copyright on form Eu495309 listing Plaintiffs and Stubbs as the writers and Dynatone Publishing Company as the claimant. Attached hereto as Exhibit B.

51. On or about July 9, 1973, Defendant Perrell registered *"Sho' Nuff"* with Defendant BMI and listed Perrell Music, Belinda Music and Dynatone Music as publishers.

*52.* However, Plaintiffs never executed a written agreement with People Records or Defendant Dynatone Publishing, or Belinda Music that transferred any interest in the renewal term of the copyright in *"Sho' Nuff."*

53. Defendants Perrell and Dynatone Musc, have been collecting the music publisher's share of performance income for *"Sho' Nuff"* since 1973.

54. Defendant Perrell never made accounting of royalties to Plaintiffs for mechanical royalties or other earnings for "*Sho Nuff.*"

55. Royalty payments for musical compositions are accounted for quarterly or semi-annually.

56. Plaintiffs did not agree to forego the receipt of royalty payments, a share of profits, full earnings or an accounting from the Defendant Perrell with respect to the *"Sho' Nuff"* Composition.

57. After this dispute arose, Defendant Warner Chappell made an accounting of royalties to Plaintiff for the period 1992 to 2013.

58. The renewal term for the copyright in the *"Sho' Nuff"* Composition commenced in May of 2001, i.e., 28 years after its creation in 1973.

59. Plaintiffs filed a Form RE, Registration No. RE 931-988 as evidence of their sole ownership of the renewal copyright in the *"Sho' Nuff"* Composition. Such Renewal Registration is attached hereto as Exhibit C.

60. Plaintiff are entitled to all earnings from the *"Sho' Nuff"* Composition beginning in 2001, including for the *"Suit & Tie"* sample.

*The Sho Nuff Master Recording*

61. Based on information and belief Polydor Incorporated acquired ownership rights in People Records ownership interest in the master recording of *"Sho Nuff."*

62. On or about June 26, 1973, Polydor Incorporated registered a Form N 8141 to register the copyright in the master recording of *"Sho Nuff."* Such registration is attached hereto as Exhibit D.

63. Polydor Incorporated claimed to be the sole owner of the Master Recording of *"Sho' Nuff"* as a work made for hire.

64. Section 204 of the Copyright Act of 1976 requires that there be written agreement to transfer an ownership interest in a copyright or an exclusive license in a copyright.

65. There was no written agreement between "Sly Slick and Wicked" and Defendant Perrell when the *"Sho' Nuff"* master recording was created.

66. The *"Sho' Nuff"* master recording is not a "work made for hire" for People Records as it was created before "Sly Slick and Wicked" met with People Records.

67. Further, there is no written agreement that creates a "work for hire relationship" between "Sly, Slick and Wicked" and People Records.

68. Likewise, the *"Sho' Nuff"* master recording is not a "work made for hire" for Polydor Incorporated as it was created before "Sly Slick and Wicked" met with People Records.

69. Further, there is no written agreement that creates a "work for hire relationship" between "Sly, Slick and Wicked" and Polydor Incorporated.

70. Plaintiffs never received any remuneration from Defendants Perrell or UMG (as successor to Polydor Incorporated) for recording the *"Sho'Nuff" m*aster recording.

71. Plaintiffs have never received any remuneration from People Records for recording the *"Sho'Nuff"* master recording.

72. As co-producers of the *"Sho'Nuff"* master recording, along with Plaintiffs, Defendants Perrell, and UMG (individually and as assignee of People Records), are co-owners of the master recording.

73. Defendants Perrell and UMG (individually and as assignee of People Records) have failed to provide Plaintiff with any accounting in connection with earnings of the *"Sho' Nuff" m*aster recording.

74. Defendants Perrell and UMG (individually and as assignee of People Records) have failed to pay Plaintiffs a representative share of earnings for the *"Sho' Nuff" m*aster recording.

75. Defendants Perrell and UMG have intentionally failed to provide Plaintiffs with an accounting for the earnings for the *"Sho' Nuff" m*aster recording.

76. Recording artist receive royalties for master recordings quarterly or semi-annually.

*Misappropriation of Plaintiffs' Vocal Performances*

77. Upon information and belief, Defendant Universal Music Group have authorized or have licensed the right for third parties to use "Sly Slick and Wicked's" vocal performances without their consent.

78. There is no oral or written agreement authorizing or allowing Defendant Universal Music Group to license Plaintiffs' performances.

79. Without obtaining Plaintiffs' consent, Defendant Universal Music Group have licensed Plaintiffs' performances in the *"Sho' Nuff"* master recording as contained in the *"Suit & Tie"* master recording for use in marketing and advertising to Defendant Anheuser-Busch Companies, Inc. in connection with its advertising campaign for "Bud Light."

80. Defendant Anheuser-Busch's advertising campaign for "Bud Light," is for commercial gain.

81. As a direct and proximate result of Defendant Anheuser-Busch's actions Plaintiffs have been damaged because they have not been compensated for use of their vocal performances.

## COUNT I
### Declaratory Judgment
### *"Sho' Nuff"* Musical Composition
### Defendants BMI, Perrell, Dynatone and Warner Chappell

82.  Plaintiffs incorporate by reference the allegations in paragraphs 1 through 81.

83.  Plaintiffs seek a declaration by this court that they, the authors of *"Sho' Nuff"* Composition, are the owners of the renewal copyright, Registration No. RE 931-988, in any and all versions and derivatives of the *"Sho' Nuff"* Composition.

84.  Plaintiffs seek a declaration by this court that the Copyright Registration filed on June 26, 1974 by Chappell & Co. Inc. registering the musical composition *"Sho' Nuff"* copyright on form Eu495309 listing Plaintiffs and Stubbs as the writers and Dynatone Publishing Company as the claimant is invalid.

85.  Plaintiffs seek a declaration by this court that they are co-owners of any copyright interest in the *"Suit & Tie"* and *"Chaining Day"* musical compositions owned/claimed by Defendants Perrell, Dynatone, and Warner Chappell.

## COUNT II
### Accounting for Profits
### *"Sho' Nuff"* Musical Composition
### Defendants Perrell, Dynatone and Warner Chappell

86.  Plaintiffs incorporate by reference the allegations in paragraphs 1 through 85.

87.  Defendants Perrell, Dynatone and Warner Chappell have been administering and commercially exploiting the *"Sho' Nuff"* Composition and collecting earnings for the same around the world.

*88.*  Defendants Perrell, Dynatone, and Warner Chappell have collected all earnings from the sample use of the *"Sho' Nuff"* Composition in *"Suit & Tie"* and *"Chaining Day."*

89. Plaintiffs seek an accounting of all amounts collected by Defendants Perrell, Dynatone and Warner Chappell for the last three (3) years.

## COUNT III
### Declaratory Judgment
### *"Sho' Nuff"* Master Recording
### Defendants Perrell & Universal Music Group

90. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 89.

91. As the co-producers of the *Sho Nuff* master recording, Plaintiffs have copyright interest in the *"Sho' Nuff"* master recording along with People Records.

92. As the featured recording artists of the *Sho Nuff* master recording, Plaintiffs have a copyright interest in the *"Sho' Nuff"* master recording along with Defendant People Records.

93. Plaintiffs seek a declaration by this Court that they are co-owners along with Defendant Perrell and Defendant People Records, as co-producers and recording artists, of the renewal copyright in and to all versions and derivatives of the *"Sho' Nuff"* master recording.

94. Plaintiffs seek a declaration by this Court that they are co-owners of two fifths of the copyright interest conveyed to Defendant UMG in the *Suit & Tie"* and *Chaining Day"* master recordings.

## COUNT IV
### Accounting for Profits
### *"Sho' Nuff"* Master Recording
### Defendants Perrell & Universal Music Group

95. Plaintiff incorporates by reference the allegations in paragraphs 1 through 94.

96. Defendants Perrell and Universal Music Group have been administering and commercially exploiting the *"Sho' Nuff"* master recording and collecting all earnings for the same around the world.

97. Defendants Perrell, People Records and Universal Music Group have collected all earnings from the sample use of the *"Sho' Nuff"* master recording in *"Suit & Tie"* and *"Chaining Day."*

98. Plaintiffs seek an accounting of all amounts collected by Defendants People Records and Universal Music Group for the last three (3) years in connection with the *"Sho' Nuff"* master recording in *"Suit & Tie"* and *"Chaining Day."*

## COUNT VI
### Misappropriation of Vocal Performances
### Defendants Anheuser-Busch Companies, Inc.

99. Plaintiff incorporates by reference the allegations in paragraphs 1 through 98.

100. Defendant UMG did not have legal right nor authority to grant Defendant Anheuser-Busch the right to commercially exploit Plaintiff's vocal performances.

101. Defendant Anheuser-Busch has used Plaintiff's vocal performances in connection with the Bud Light advertisements without legal right or authority.

102. As a proximate result of Defendant Anheuser-Busch's conduct, Plaintiffs have been damaged as alleged herein in the amount of $250,000 or an amount to be proved at trial.

**WHEREFORE**, Plaintiff requests this Court to:

a. Declare that Plaintiffs are the owners of the renewal term copyright, Registration No. RE 931-988, under 17 U.S.C. § 304 in the *"Sho' Nuff"* Composition and any and any ownership interest in the *"Suit & Tie"* and *"Chaining Day"* master recordings owned/claimed by Defendants Dynatone, Perrell and Warner Chappell;

b. Award Plaintiffs all amounts determined to be due at trial from the commercial exploitation of the *"Sho' Nuff"* Composition based upon an accounting for profits

    for the last three (3) years, including for any ownership interest in the *"Suit & Tie"* and *"Chaining Day"* musical compositions;

c. Declare that the Copyright Registration filed on June 26, 1974 by Chappell & Co. Inc. registering the musical composition *"Sho' Nuff"* copyright on form Eu495309 listing Plaintiffs and Stubbs as the writers and Dynatone Publishing Company as the claimant is invalid.

d. Declare that Plaintiffs are the co-owners along with Defendants Perrell and UMG of the renewal term copyright under 17 U.S.C. § 304 in the *"Sho' Nuff,"* master recording and any ownership interest in the *"Suit & Tie"* and *"Chaining Day"* master recordings owned by Defendants Perrell and UMP;

e. Award Plaintiffs all amounts determined to be due at trial from the commercial exploitation of the *"Sho' Nuff"* master recording based upon an accounting for profits for the last three (3) years;

f. Require Defendants to pay jointly and severally, Plaintiff's full costs in this action in connection with Plaintiff's claims of copyright ownership;

g. Require Defendants to pay, jointly and severally, Plaintiff's reasonable attorneys' fees incurred herein in connection with Plaintiff's claim of Copyright ownership;

h. award Plaintiffs damages for misappropriation of the Plaintiffs' vocal performances in the amount of $250,000 or an amount to be proven at trial; and

i. Award such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Date:  January 6, 2016

                            Respectfully submitted,

                            LITA ROSARIO, PLLC

                    By:  /s/ Lita Rosario
                            Lita Rosario, Esq.
                            1100 H Street, NW, Suite 315
                            Washington, DC 20005
                            Telephone: (202) 628-1092
                            Email: lita.rosario@wyzgirl.com
                                *Attorney for Plaintiff*