

Robert A. Jacobs
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4360
E-mail: rjacobs@manatt.com

September 26, 2017

Client-Matter: 62692.060

**ELECTRONICALLY FILED ON ECF**

Hon. Paul A. Engelmayer
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, New York 10007

Re:  *Wilson v. Perrell*, Case 1:16-cv-00104-PAE

Dear Judge Engelmayer:

We represent Defendants Warner/Chappell Music, Inc., Dynatone Publishing Company and Universal Music Group, Inc. (collectively, "Defendants") in the above-referenced case, and write in opposition to the letter motion (Dkt. 109) of Plaintiffs John Wilson, Charles Still and Terrance Stubbs (collectively, "Plaintiffs") seeking leave to file a motion to enforce the parties' purported settlement (the "Enforcement Motion"), and asking the Court to hold in abeyance Defendants' motion for attorneys' fees and costs (Dkt. 90-92, 94) while the Court decides the Enforcement Motion. The Court should deny Plaintiffs' letter motion for at least four reasons.

*First*, Plaintiffs' proposed Enforcement Motion runs afoul of paragraph 4.C of the Court's Individual Rules and Practices in Civil Cases, which makes clear that the Court has not retained jurisdiction to enforce the purported settlement because its terms are not on the public record, have not been endorsed by the Court, and are not included in any stipulation of settlement and dismissal. *Second*, the draft settlement itself, which Defendants admittedly never signed, forecloses the Enforcement Motion because, as the attached provisions from the draft confirm, the parties unambiguously intended, among other things, that (i) they would ***not*** be bound to any agreement prior to full execution; and (ii) nothing outside of the draft written agreement would form any part of their settlement. *See, e.g., Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 324 (2d Cir. 1997) (reversing trial court order enforcing settlement because enforcement of unexecuted settlement frustrated the clearly expressed intentions of the parties whose draft settlement agreement – prepared after the parties had reached an agreement in principle – stated that the agreement "shall not become effective" until all parties and their counsel sign it). *Third*, the parties' joint letter to the Court dated September 13, 2017 (Dkt. 108) – the contents of which Plaintiffs' counsel reviewed and approved – expressly states that "the parties have failed to reach a settlement agreement, and are abandoning their efforts to settle this matter", flatly contradicting Plaintiffs' belated assertion that the parties had reached an enforceable settlement agreement in principle. *Fourth*, the transmittal emails for each draft settlement agreement that Defendants' counsel sent to Plaintiffs' counsel included a reservation of rights – *e.g.*, "Because I am still

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000  Fax: 310.312.4224

Albany | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.



**manatt | phelps | phillips**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
September 26, 2017
Page 2

awaiting final approval of this draft from my clients, I reserve their rights to modify it further" – confirming that Defendants had not yet agreed to the terms of the draft.

    For all of the above reasons, among others, Defendants respectfully submit that the proposed Enforcement Motion would be futile, and that Plaintiffs have failed to demonstrate good cause for the Court to hold in abeyance Defendants' motion for attorneys' fees and costs. Accordingly, the Court should deny Plaintiffs' letter motion (Dkt. 109) in its entirety.

    We thank the Court for its consideration of these matters.

Respectfully submitted,

/s/ Robert A. Jacobs

Robert A. Jacobs

Attachment

# Attachment



15.  The Parties expressly acknowledge, represent and/or agree that (i) this Agreement supersedes any and all oral statements and representations by any of the Parties hereto and embodies their full, complete and entire agreement and understanding of all of the terms and conditions with respect to the matters discussed; (ii) this Agreement and its provisions may not be altered, amended, modified, superseded, terminated, canceled, renewed, extended, waived or otherwise changed in any respect whatsoever except by a written instrument duly executed by the Parties; (iii) they will make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character; (iv) they have read this Agreement and know and understand its contents; (v) they have freely

and voluntarily entered into this Agreement; (vi) no oral or written representations or promises of any kind, unless specifically contained in this Agreement, have been made or relied upon by them; (vii) they have had the benefit of the advice of legal counsel before executing this Agreement or have been advised of their right to consult with legal counsel and have knowingly and voluntarily refrained from seeking legal counsel; (viii) no failure or delay by a Party to insist upon the strict performance of any term, condition, covenant or promise under this Agreement, or to exercise any right, power or remedy hereunder or under applicable law, shall constitute a waiver of any such term, condition, covenant, promise, right, power or remedy or of any potential claims relating thereto, or preclude such Party from exercising any such right, power or remedy at any later time or times; and (ix) this Agreement shall not be binding prior to full execution by all of the Parties.