UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOHN WILSON, CHARLES STILL, and TERRANCE
STUBBS,

                      Plaintiffs,

-v-

DYNATONE PUBLISHING COMPANY, UMG
RECORDINGS, INC., and UNICHAPPELL MUSIC,
INC.,

                      Defendants,

-v-

EDWARD "EDDIE" PERRELL d/b/a PERRELL
MUSIC,

                      Cross-Plaintiff.

------------------------------------------------------------X

16 Civ. 104 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      This opinion resolves the letter-motion filed by plaintiffs John Wilson, Charles Still, and Terrance Stubbs to enforce a purported settlement agreement between plaintiffs and defendants Dynatone Publishing Company ("Dynatone"), Warner Chappell ("UniChappell"), and Universal Music Group ("UMG"). Dkt. 112. The Court lacks jurisdiction to consider this motion, and accordingly dismisses it.

**I.    Procedural History**

      The Court assumes familiarity with the facts of this case, which are recounted in detail in the Court's April 10, 2017 Opinion & Order. Dkt. 78. A brief recitation of certain procedural history is nonetheless necessary.

1

On January 6, 2016, Wilson and Still filed a complaint against Dynatone, UniChappell, and UMG, plus Edward Perrell, BMI, and Anheuser-Busch Companies, Inc. Dkt. 1. After various extensions of time for defendants to respond, on July 22, 2016, Perrell filed an answer and his cross-claim, Dkt. 40, and, on August 1, 2016, Dynatone, UMG, and UniChappell filed a motion to dismiss under Rule 12(b)(6). Dkts. 42–44.

On August 22, 2017, Wilson, Still, and Stubbs filed an Amended Complaint (the "AC"). Dkt. 52. The AC, like the initial complaint, named Perrell, Dynatone, UniChappell, UMG, and BMI as defendants. *Id.* On August 3, 2016, plaintiffs entered a stipulation of dismissal with prejudice of their claims against Anheuser-Busch. Dkt. 51. On September 12, 2016, the Court entered an order of discontinuance as to plaintiffs' claims against BMI, Dkt. 66, having been notified by the parties on September 9, 2016, that plaintiffs and BMI had reached a settlement in principle, Dkt. 65. On October 11, 2016, the Court signed a stipulation of voluntary dismissal, with prejudice, of plaintiffs' claims against BMI. Dkt. 76.

On September 14, 2016, Dynatone, UMG, and UniChappell filed a motion to dismiss the AC and Perrell's cross-complaint. Dkts. 68–70.

On September 23, 2016, the Court entered an order of discontinuance for plaintiffs' claims against Perrell, Dkt. 72, having been notified by the parties on September 22 that plaintiffs and Perrell had reached a settlement in principle, Dkt. 71.

On October 6, 2016, Perrell filed his response in opposition to defendants' motion to dismiss, Dkt. 73, and on October 7, 2016, plaintiffs filed their opposition to defendants' motion to dismiss, Dkt. 74. On October 17, 2016, defendants filed their reply. Dkt. 77.

On April 10, 2017, the Court issued a decision granting defendants' motion to dismiss all of plaintiffs' claims. Dkt. 78. The Court dismissed plaintiffs' copyright claims as barred by the

Copyright Act's three-year statute of limitations, *see id.* at 13, and plaintiffs' and Perrell's claims for an accounting, under New York law, as, *inter alia*, time barred, *id.* at 14–15. On April 11, 2017, the judgment of the Clerk of Court issued, dismissing the AC and closing the case. Dkt. 81.

On April 24, 2017, defendants submitted a letter request, with plaintiffs' consent, seeking an extension of their deadline to file a motion for fees and costs, pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1927, against plaintiffs and their counsel. *See* Dkt. 82. Defendants explained to the Court that "they and Plaintiffs [had] reached an agreement in principle to settle this matter, and would like to devote their resources to memorializing their agreement, while obviating the need to expend time on the Motion, or, in Plaintiffs' case, a Notice of Appeal, which is due by May 11, 2017." *Id.* On April 25, 2017, the Court extended defendants' deadline to file a motion for fees and costs to May 10, 2017. Dkt. 83.

On May 9, 2017, defendants, again with plaintiffs' consent, requested a further extension of their deadline to move for fees and costs, Dkt. 85, and on May 10, 2017, the Court again extended the deadline—to May 24, Dkt. 86.

On May 11, 2017, plaintiffs filed a notice of appeal from this Court's April 10 decision and from the judgment issued by the Clerk of Court on April 11, 2017. Dkt. 87.

On May 24, 2017, defendants again requested an extension of the deadline by which to submit a motion for fees and costs (again with plaintiffs' consent). Dkt. 88. On May 30, 2017, the Court extended defendants' deadline to June 14, 2017, but advised the parties that no further extensions would be granted. Dkt. 89.

On June 14, 2017, defendants submitted their motion for fees and costs against plaintiffs and their attorney pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2), 17 U.S.C. § 505,

and 28 U.S.C. § 1927. *See* Dkts. 90–92. On June 16, 2017, the Court, observing that defendants' motion papers did not include time records detailing their counsel's work on this case, directed defendants to submit time records. Dkt. 93. On June 21, 2017 defendants did so. Dkt. 94. On July 12, 2017, after the Court granted plaintiffs' request for an extension, *see* Dkts. 95–96, plaintiffs submitted a brief in opposition to the motion for fees and costs, Dkts. 97–98. On July 28, 2017, plaintiffs sought leave to file a supplemental brief in opposition, Dkt. 99, which the Court granted, Dkt. 100. On August 2, 2017, plaintiffs filed their supplemental brief. Dkt. 101.

On August 15, 2017, upon plaintiffs' request, Dkt. 102, the Court issued an order holding in abeyance consideration of defendants' motion for fees and costs and directed the parties to file, by August 23, a joint letter indicating either that the parties had settled the fees and costs dispute or that they had failed to do so, Dkt 103. After the Court twice extended the deadline by which to file that joint letter, *see* Dkts. 104–05, 106–07, on September 13, 2017, the parties filed a joint letter advising the Court that they had failed to reach a settlement agreement as to defendants' motion for fees and costs, Dkt. 108.

On September 26, 2017, plaintiffs filed a letter motion seeking leave to file a motion to enforce a settlement, notwithstanding plaintiffs' earlier representation in the September 13 joint letter that no settlement had been reached. Dkt. 109. Plaintiffs represented that the purported settlement resolved defendants' motion for attorneys' fees. *Id.* Defendants opposed that request. Dkt. 110. On September 27, 2017, the Court nevertheless granted plaintiffs' request and thereby stayed defendants' motion for fees and costs pending resolution of plaintiffs' motion to enforce a settlement agreement. Dkt. 111. On September 29, 2017, pursuant to the Court's order, plaintiffs filed their motion to enforce the settlement agreement. Dkt. 112 ("Pl. Br."). The

4

plaintiffs attached as an exhibit to their motion the purported settlement, which required plaintiffs to forgo their appeal in exchange for, *inter alia*, defendants' commitment not to seek attorneys' fees. Pl. Br. Ex. E (the "August 5 Settlement"). On October 13, 2017, defendants filed their brief in opposition. Dkts. 113–14.

## II. Discussion

### A. Lack of Jurisdiction to Enforce the Purported Settlement Agreement

Plaintiffs' bid for enforcement of a purported settlement founders on fundamental principles of federal jurisdiction. This Court has dismissed plaintiffs' lawsuit, the Clerk of Court has closed this case, and, critical here, plaintiffs have filed a notice of appeal to the Second Circuit. *See* Dkts. 78, 81, 87. Plaintiffs' "filing of a notice of appeal [was] an event of jurisdictional significance—it confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). As a result, this Court lacks jurisdiction to enforce any settlement, like the one of which plaintiffs seek enforcement, covering the merits between the parties. Accordingly, the Court must dismiss plaintiffs' motion to enforce the settlement.

Significantly, the settlement plaintiffs seek to enforce would resolve the merits of the dispute—an aspect of the case centrally involved in the appeal—and not merely the ancillary dispute as to fees and costs as to which the Court has reserved jurisdiction. The purported settlement would have required the defendants to abandon their pursuit of attorneys' fees under Rule 54(b), and to pay plaintiffs certain royalties, in exchange for the plaintiffs forgoing their appeal of this Court's decision dismissing their claims on the merits. *See* August 5 Settlement. The Court cannot enforce the parties' purported settlement, therefore, without touching upon the

dispute currently before the Second Circuit—indeed, without completely upsetting the proceedings currently pending before that court. Doing so is beyond the jurisdiction of this Court.

Lacking jurisdiction, the Court therefore cannot enforce the purported settlement agreement. "Enforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). And, as the Second Circuit has recognized, "a district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (internal quotations and citations omitted). Rather, "a motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit,' and therefore 'requires its own basis for jurisdiction.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 381, 378). Where a district court dismisses a case, it must either "expressly retain jurisdiction over the settlement agreement" or "incorporate the terms of the settlement agreement" in the dismissal order, in order "to retain ancillary jurisdiction over enforcement of a settlement agreement." *Id.* The Court has not done so here. Further, and decisively, even if the Court had done so, jurisdiction would still be lacking by virtue of plaintiffs' appeal. Accordingly, this Court, lacking jurisdiction, cannot enforce the purported agreement.[1]

---

[1] Where a court lacks jurisdiction to consider a party's motion because of a pending appeal, the court may (1) defer considering the motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Here, however, neither party, let alone both, has asked the Court to issue an indicative ruling under Rule 62.1. And the parties' sparse briefing

Independently, it is not at all clear what enforcing the settlement at this time would mean. The settlement as presented by plaintiffs requires plaintiffs to forego an appeal, but it is less than pellucid whether this would also require plaintiffs to dismiss the pending appeal they have already initiated. In their motion, plaintiffs attest that they "are [sic] remain fully prepared to dismiss the appeal as contemplated by the settlement." Pl. Br. at 4 n.8. But the text of the parties' agreement, which controls the meaning of the agreement, does not explicitly say this. In any event, even if the settlement explicitly so provided, it would not be for this Court to withdraw the appeal from the Second Circuit. To do so would interfere substantially with "those aspects of the case involved in the appeal." The parties are at liberty to seek, based on a settlement agreement squarely so providing, dismissal of the appeal from the Second Circuit.

**B.     Jurisdiction over Defendants' Motion for Fees and Costs**

"When a district court issues a final decision, it 'disassociates itself from a case,' and its jurisdiction over that case comes to an end, except for certain collateral matters especially reserved by precedent or by the Federal Rules," including sanctions under Rule 11, motions for relief from judgment under Rule 60(b), and, as relevant here, motions for attorneys' fees under Rule 54(d)(2)(B). *Hendrickson*, 791 F.3d at 360 (quoting *Swint v. Chambers Cnty. Comm'n*, 541 U.S. 35, 42 (1995)). The Court therefore retains jurisdiction to consider defendants' claim for fees and costs, because such is a collateral matter reserved to this Court's jurisdiction during the pendency of an appeal. The Court's intention is to resolve that motion shortly.

---

leaves the Court ill-equipped to resolve the issues that would be presented. The Court therefore declines *sua sponte* to issue an indicative ruling.

## CONCLUSION

For the reasons stated above, the Court hereby dismisses plaintiffs' motion for lack of jurisdiction. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 112. The stay imposed by the Court's September 27, 2017 Order is hereby lifted. *See* Dkt. 111. An order resolving the defendants' pending motion for attorneys' fees and costs will issue soon.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 18, 2018
      New York, New York